UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JELD-WEN, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. __3:20cv98__ |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO FILE UNDER SEAL COMPLAINT, MOTION AND MEMORANDUM
FOR TEMPORARY RESTRAINING ORDER, AND CERTAIN OF THEIR EXHIBITS**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of the Complaint, the papers seeking a temporary restraining order, and certain of their exhibits. In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal consists of Steves' Complaint, its motion for a TRO and supporting memorandum, and certain of their exhibits. In these papers, Steves discloses the effect that JELD-WEN's notice of allocation has had on Steves, including opportunities it has lost as a result. Information about these effects on Steves constitutes commercially sensitive confidential or trade secret information that, if disclosed to the public, would cause competitive harm.

The material filed also includes figures on JELD-WEN's production capacity. Steves is informed that JELD-WEN considers such information to be commercially sensitive confidential

or trade secret information required by contract to be maintained in confidence that, if disclosed to the public, would cause competitive harm and breach the terms of the Supply Agreement.

The material Steves seeks to file under seal has been filed under seal by this Court in Civil Action No. 3:16-CV-00545-REP.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing of information about the effect of JELD-WEN's declaration of allocation on Steves and Steves' lost opportunities and about JELD-WEN's production capacity is required because that information is commercially sensitive and required by contract to be maintained in confidence. No other procedure will suffice, because once this information is made public it cannot be retracted.

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g. Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988); *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to Steves' or JELD-WEN's trade secret and confidential information. The public has never had

access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing.

> **Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves requests that the documents containing this commercially sensitive and confidential information be filed under seal.

Steves believes that its trade secret and confidential information should remain permanently sealed in the absence of a ruling that the information is not confidential. Steves presumes that JELD-WEN harbors a similar belief about its production capacity. There has been no such ruling.

Steves' grounds for requesting that its disclosures about effects of allocation and lost opportunities and JELD-WEN's disclosures of its production capacity be filed under seal are that the information is highly confidential and commercially sensitive information to which the public has not had access and that Steves or JELD-WEN would be harmed if the public did have access to such information.

The documents sought to be filed under seal are being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5. Redacted versions of the documents are being publicly filed.

Dated: February 14, 2020

                                              Respectfully submitted,

                                              **STEVES AND SONS, INC.**

                                              By:    /s/Lewis F. Powell III
                                              Lewis F. Powell III (VSB No. 18266)
                                              Michael Shebelskie (VSB No. 27459)
                                              Maya M. Eckstein VSB No. 41413)
                                              HUNTON & WILLIAMS LLP

Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
lpowell@hunton.com
mshebelskie@hunton.com
meckstein@hunton.com

*Attorneys for Plaintiff*

Glenn D. Pomerantz (pro hac vice pending)
Kyle W. Mach (pro hac vice pending)
Emily Curran-Huberty (pro hac vice pending)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 683-9132
Facsimile: (213) 683-5161

Marvin G. Pipkin (pro hac vice pending)
Kortney Kloppe-Orton (pro hac vice pending)
PIPKIN LAW
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
Telephone: (210) 731-6495
Facsimile: (210) 293-2139

*Of Counsel*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

                                 By /s/Lewis F. Powell III
                                       Lewis F. Powell III