UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:20-cv-000098 |
| v. ) | |
| ) | |
| JELD-WEN, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF MOTION TO FILE ITS RESPONSE TO JELD-WEN, INC.'S SECOND SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION, AND <u>ACCOMPANYING EXHIBITS, UNDER SEAL</u>**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its Response to JELD-WEN, Inc.'s Second Supplemental Brief in Opposition to Steves' Motion for Preliminary Injunction, and certain Exhibits thereto. In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal consists of documents (and the discussion of documents) designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered in this matter (Dkt. No. 25).

The material filed under seal also consists of non-public data, which JELD-WEN regards as commercially sensitive, as well as of statements in the Memorandum citing this data.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing the referenced Exhibits and related discussion is necessary because the Exhibits are designated Highly Confidential per the Protective Order. Further, sealing of the data and statements regarding the data is necessary because it is non-public data, which JELD-WEN regards as commercially sensitive.

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to JELD-WEN's confidential information, which JELD-WEN regards as commercially sensitive. The public has never had access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing.

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves further requests that the documents designated as "Highly Confidential" be filed under seal, pursuant to the Stipulated Protective Order (Dkt. No. 25), entered February 20, 2020.

Steves also believes that the exhibits and portions of the Response requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The Response and Exhibits sought to be filed under seal are being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the Memorandum in Opposition is being publicly filed.

Dated:  March 28, 2020

                Respectfully submitted,

                **STEVES AND SONS, INC.**

                By:     /s/Lewis F. Powell III
                Lewis F. Powell III (VSB No. 18266)
                Michael Shebelskie (VSB No. 27459)
                Maya M. Eckstein VSB No. 41413)
                HUNTON ANDREWS KURTH LLP
                Riverfront Plaza, East Tower
                951 East Byrd Street
                Richmond, Virginia 23219-4074
                Telephone:  (804) 788-8200
                Facsimile:   (804) 788-8218
                lpowell@hunton.com
                mshebelskie@hunton.com
                meckstein@hunton.com

                Glenn D. Pomerantz
                Kyle W. Mach
                Emily Curran-Huberty
                MUNGER, TOLLES & OLSON LLP
                355 S. Grand Avenue, 50th Floor
                Los Angeles, CA 90071
                Telephone:  (213) 683-9132
                Facsimile:  (213) 683-5161

                Marvin G.  Pipkin
                Kortney Kloppe-Orton
                PIPKIN LAW

        10001 Reunion Place, Suite 6400
        San Antonio, TX 78216
        Telephone:   (210) 731-6495
        Facsimile:   (210) 293-2139
        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

By /s/Lewis F. Powell III
Lewis F. Powell III