UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC.,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JELD-WEN, INC.,  )<br>  )<br>      Defendant.  )<br>  ) | Civil Action No. 3:20-cv-000098 |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF MOTION TO FILE ITS FIRST AMENDED COMPLAINT FOR INJUCTIVE AND DECLARTORY RELIEF, DAMAGES, AND SPECIFIC PERFORMANCE, UNDER SEAL**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its First Amended Complaint for Injunctive and Declaratory Relief, Damages, and Specific Performance. In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material to be filed under seal consists of non-public information, which Steves regards as commercially sensitive, as well as of statements in the First Amended Complaint citing this information.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing of the information and statements regarding the information is necessary because it is non-public data, which Steves regards as commercially sensitive.

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to Steves' confidential information, which Steves regards as commercially sensitive. This is particularly true of Steves' competitors, including Defendant JELD-WEN. Additionally, the public has never had access to the information at issue and it is routinely kept in confidence in the ordinary course of business. These are appropriate grounds for sealing.

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves requests that the portions of the First Amended Complaint requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The First Amended Complaint sought to be filed under seal is being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the First Amended Complaint is being publicly filed.

Dated:  April 3, 2020

        Respectfully submitted,

        **STEVES AND SONS, INC.**

        By:   /s/Lewis F. Powell III
        Lewis F. Powell III (VSB No. 18266)
        Michael Shebelskie (VSB No. 27459)
        Maya M. Eckstein (VSB No. 41413)
        HUNTON ANDREWS KURTH LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219-4074
        Telephone:  (804) 788-8200
        Facsimile:   (804) 788-8218
        lpowell@hunton.com
        mshebelskie@hunton.com
        meckstein@hunton.com

        Glenn D. Pomerantz
        Kyle W. Mach
        Emily Curran-Huberty
        MUNGER, TOLLES & OLSON LLP
        355 S. Grand Avenue, 50th Floor
        Los Angeles, CA 90071
        Telephone:  (213) 683-9132
        Facsimile:  (213) 683-5161

        Marvin G.  Pipkin
        Kortney Kloppe-Orton
        PIPKIN LAW
        10001 Reunion Place, Suite 6400
        San Antonio, TX  78216
        Telephone:     (210) 731-6495
        Facsimile:      (210) 293-2139
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 3, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

           By /s/Lewis F. Powell III
             Lewis F. Powell III