IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVES AND SONS, INC.,

    Plaintiff,

v.                                Civil Action No. 3:20-cv-98

JELD-WEN, INC.,

    Defendant.

**ORDER OF PRELIMINARY INJUNCTION**

Having reviewed PLAINTIFF STEVES AND SONS, INC.'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 2), the supporting, opposing, and reply memoranda, having received evidence *ore tenus* and in documents that are in the record, having considered the arguments of counsel for Steves and Sons, Inc. ("Steves") and JELD-WEN, Inc. ("JELD-WEN"), and, for the reasons set forth in the accompanying MEMORANDUM OPINION, the Court finds that Steves clearly and convincingly has established that:

    (1)    There is a substantial likelihood, amounting to a near certainty, that Steves will succeed on the merits of COUNT THREE of the COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES, AND SPECIFIC PERFORMANCE (ECF No. 1; ECF No. 6) (the "Complaint"), the breach

of contract claim against JELD-WEN on the grounds that:

    (a) JELD-WEN breached the Doorskin Product Agreement (the "Supply Agreement") by refusing to deliver fully the doorskins Steves ordered during the fourth quarter of 2019; and

    (b) JELD-WEN breached the Supply Agreement by giving notice of allocation in violation of Section 20 of the Supply Agreement; and

    (c) Even if allocation had been in conformance with Section 20 of the Supply Agreement (which it was not), by adopting an allocation method that is neither fair nor reasonable, JELD-WEN breached the Supply Agreement; and

(2) Absent a temporary injunction, Steves will suffer irreparable injury as a result of the breaches described in paragraph 1(a)-(c); and

(3) As a result of a temporary injunction, JELD-WEN will suffer some, but not adequately-proven, economic hardship, which is, however, significantly of its own creation and which is a consequence of the terms to which it bound itself in the Supply Agreement; and

(4) The balance of hardships tips decidedly in favor of Steves; and

(5) The public interest will be served by a preliminary injunction.

Therefore, it is ORDERED, pending the results of trial on the merits that is currently set for June 1, 2020[1] and any order that is entered thereafter that JELD-WEN shall:

(A) Terminate allocation, as to Steves, effective retroactively to January 1, 2020;

(B) Terminate, as to Steves, the ordering, confirmation, and delivery process (the so-called mix methodology) unilaterally instituted as part of allocation;

(C) Revert to the parties' previous ordering, confirmation, and delivery process pending the results of trial on the merits and any order that is entered thereafter; and

(D) Deliver to Steves all doorskins Steves ordered from November 25, 2019 until the date of this Order of Preliminary Injunction ("Undelivered Prior-Placed Orders"), in accord with the requirements of the Supply Agreement, provided, however, that Steves' estimates and orders shall satisfy 6 Del. C. § 2-306, and in the following manner:

(i) Beginning the first week after the Preliminary Injunction takes effect, in

---

[1] The trial may not occur until the middle of June 2020.

addition to Steves' regularly-placed weekly orders, deliver to Steves 262,400 doorskins per week from the Undelivered Prior-Placed Orders in the order in which Steves placed them, until all Undelivered Prior-Placed Orders have been filled.

It is further ORDERED that, on Monday, April 13, 2020 by 8.00 PM EDT, the parties shall file Statements of Position respecting the security requirements of Fed. R. Civ. P. 65(c) and that, on Wednesday, April 15, 2020 by 8.00 PM EDT, the parties shall file responses to those Statements of Position.

It is further ORDERED that the Preliminary Injunction shall not take effect until the posting of whatever security is ordered under Fed. R. Civ. P. 65(c).

It is so ordered.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April *10*, 2020
*4:02 PM*

4