UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., **)** <br><br> Plaintiff, **)** <br><br> v. **)** <br><br> JELD-WEN, INC., **)** <br><br> Defendant. **)** | Civil Action No. 3:20-cv-000098 |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF MOTION TO FILE ITS STATEMENT OF POSITION REGARDING SECURITY REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 65(c) UNDER SEAL**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its Statement of Position Regarding Security Required by Federal Rule of Civil Procedure 65(c).  In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal quotes or paraphrases non-public information, which JELD-WEN regards as commercially sensitive, and the Court has previously sealed in its Memorandum Opinion granting Steves' motion for preliminary injunction (Dkt. No. 122)and other orders (e.g., Dkt. No. 77).

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing of the information is necessary because it is non-public data, which JELD-WEN regards as commercially sensitive, and the Court has previously sealed (Dkt. Nos. 77 & 122).

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to JELD-WEN's confidential information, which JELD-WEN regards as commercially sensitive. The public has never had access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing. Indeed, the Court has already permitted sealing of the material sought to be sealed here (Dkt. Nos. 77 & 122).

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves believes that the portions of its Statement of Position requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The Statement of Position sought to be filed under seal is being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the Statement of Position is being publicly filed.

Dated:  April 13, 2020

                    Respectfully submitted,

                    **STEVES AND SONS, INC.**

                    By:    /s/Lewis F. Powell III
                    Lewis F. Powell III (VSB No. 18266)
                    Michael Shebelskie (VSB No. 27459)
                    Maya M. Eckstein (VSB No. 41413)
                    HUNTON ANDREWS KURTH LLP
                    Riverfront Plaza, East Tower
                    951 East Byrd Street
                    Richmond, Virginia 23219-4074
                    Telephone:  (804) 788-8200
                    Facsimile:   (804) 788-8218
                    lpowell@hunton.com
                    mshebelskie@hunton.com
                    meckstein@hunton.com

                    Glenn D. Pomerantz
                    Kyle W. Mach
                    Emily Curran-Huberty
                    MUNGER, TOLLES & OLSON LLP
                    355 S. Grand Avenue, 50th Floor
                    Los Angeles, CA 90071
                    Telephone:  (213) 683-9132
                    Facsimile:  (213) 683-5161

                    Marvin G.  Pipkin
                    Kortney Kloppe-Orton
                    PIPKIN LAW
                    10001 Reunion Place, Suite 6400
                    San Antonio, TX  78216
                    Telephone:     (210) 731-6495
                    Facsimile:      (210) 293-2139
                    *Attorneys for Plaintiff*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I caused a copy of the foregoing to be

electronically filed using the CM/ECF system, which will send notification to counsel of record

of such filing by operation of the Court's electronic system.  Parties may access this filing via the

Court's electronic system.

By  /s/Lewis F. Powell III
          Lewis F. Powell III