UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JELD-WEN, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 3:20-cv-000098<br><br>**PUBLIC VERSION** |

## STEVES AND SONS, INC.'S STATEMENT OF POSITION REGARDING SECURITY REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 65(C)

On April 10, 2020, this Court granted Steves' motion for preliminary injunction after finding, among other things, that (1) "[t]here is a substantial likelihood, amounting to a near certainty, that Steves will succeed on the merits of" its breach of contract claim, Order, Dkt. No. 123; (2) "JELD-WEN offered no evidence" supporting the harm it claimed it would suffer as a result of the preliminary injunction other than an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mem. Op. 72, Dkt. No. 121; and (3) although "JELD-WEN will suffer some . . . economic hardship," it had "not adequately-proven" the "economic hardship" and, in any event, the harm is of JELD-WEN's "own creation" as a direct "consequence of the terms to which [JELD-WEN] bound itself in the Supply Agreement," Order, Dkt. No. 123.

Based on those findings, the most logical approach is for this Court to either waive the bond requirement under Federal Rule of Civil Procedure 65(c) or impose a nominal bond. Put simply, JELD-WEN did not carry its burden of introducing credible evidence to support a higher bond, and in any event, there is very little chance that JELD-WEN will suffer significant economic loss as a result of the injunction because JELD-WEN is wrong on the merits and already has taken

numerous steps to mitigate the impact of an injunction. Alternatively, to avoid all doubt, the Court may wish to impose a more substantial bond, and Steves would not object to a bond of $1 million.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(c) requires federal district courts to order the party awarded a preliminary injunction to "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The Fourth Circuit has held that "[f]ailure to require a bond before granting preliminary injunctive relief is reversible error." *Maryland Dep't of Human Res. v. U.S. Dep't of Agriculture*, 976 F.2d 1472, 1483 (4th Cir. 1992). But the amount of the bond is committed to this Court's discretion, and "[w]here the district court determines that the risk of harm is remote, or that the circumstances otherwise warrant it, the court may fix the amount of the bond accordingly." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999) ("In some circumstances, a nominal bond may suffice."); *accord Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013) ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement."). "The burden of establishing the bond amount rests with the party to be restrained, who is in the best position to determine the harm it will suffer from a wrongful restraint." *Lab. Corp. of Am. Holdings v. Kern*, 84 F. Supp. 3d 447, 465 (M.D.N.C. 2015).

## ARGUMENT

**I.  THIS COURT'S FINDINGS IN GRANTING THE PRELIMINARY INJUNCTION ESTABLISH THAT THE BOND REQUIREMENT SHOULD BE WAIVED OR ONLY A NOMINAL BOND IMPOSED**

Rule 65(c) requires this Court to impose a bond "in an amount that the court considers proper to pay the costs and damages" that JELD-WEN would incur if it is later "found to have

2

been wrongfully enjoined or restrained."[1] The point of the bond requirement thus is to provide "a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction." *Hoechst Diafoil Co.*, 174 F.3d at 421 n.3. In determining the proper bond amount, courts look to "the gravity of the potential harm to the enjoined party," including whether "***the risk of harm is remote***." *Id.* (emphasis added). This Court has the discretion to set a zero-dollar bond or impose a nominal sum. *Id.*; *accord Pashby*, 709 F.3d at 332 ("[T]he district court retains the discretion to set the bond amount as it sees fit or waive the security requirement.").

No more than a nominal bond is necessary in this case for several reasons. First, when a plaintiff is plainly going to prevail on the merits, the risk of harm is remote and there is no need for a substantial bond. For example, the Fourth Circuit approved a nominal bond in the amount of $500 where the "record amply" showed that the plaintiff was likely to succeed on the merits. *Candle Factory, Inc. v. Trade Assoc. Grp.*, 23 F. App'x 134, 139 (4th Cir. 2001) ("In this context, the district court's decision to fix a bond in the sum of $500 was an appropriate exercise of [] discretion . . . ."). And district courts in the Fourth Circuit often impose a zero-dollar or nominal bond when a plaintiff has made a strong showing on the merits. *E.g.*, *George Sink PA Injury Lawyers v. George Sink II Law Firm LLC*, No. 2:19-CV-01206-DCN, 2019 WL 6318778, at *6 (D.S.C. Nov. 26, 2019) (finding a nominal bond appropriate because the plaintiff showed a "strong likelihood of success on the merits" and the defendants were not at risk of suffering severe harm from the injunction); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2018 WL 3244413, at

---

[1] Although some courts have held that the amount of the bond caps the damages a defendant can recover if the injunction is later vacated, *see Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 888 (7th Cir. 2000), the Fourth Circuit has not adopted that rule. Moreover, "[a] party may move the court to increase or decrease the amount of security so long as the restraint or injunction is in effect." *Lab. Corp. of Am. Holdings*, 84 F. Supp. 3d at 466 (citation omitted). So there is no reason for this Court to "guess high" and impose an inflated bond at this stage of the case.

3

\*12 (W.D. Va. July 2, 2018) ("[A] lower bond amount is appropriate given that the law and facts clearly favor [movant's] position."); *Doe v. Pittsylvania Cty., Va.*, 842 F. Supp. 2d 927, 937 (W.D. Va. 2012) (setting the bond amount at zero in part "[b]ecause the prevailing law in this circuit makes it clear that it is highly likely that plaintiff will prevail on the merits"); *S.E.C. v. Dowdell*, 2002 WL 31357059, at \*3–4 (W.D. Va. Oct. 11, 2002) (requiring security of $100 because it was "highly likely" that the plaintiff would succeed on the merits); *Arkansas Best Corp. v. Carolina Freight Corp.*, 60 F. Supp. 2d 517, 521 (W.D.N.C. 1999) ("Circumstances in the instant case warrant the posting of only a nominal bond in that Plaintiffs have shown a strong likelihood of success on the merits."); *Wilson v. Office of Civilian Health & Med. Program of Uniformed Servs. (CHAMPUS)*, 866 F. Supp. 903, 910 (E.D. Va. 1994) (similar).

Here, the bond requirement should be waived or nominal because this Court has found that there is a "***near certainty***" that Steves will prevail on the merits. Order, Dkt. No. 123 (emphasis added); *accord* Mem. Op. 67 ("Steves has shown ***a clear and convincing probability that it is likely to succeed at trial*** on its breach of contract claims.") (emphasis added). Accordingly, it is highly unlikely that this Court's injunction will be vacated and that JELD-WEN will suffer any harm as a result of a wrongful injunction. *See* Mem. Op. 31–66 (explaining in detail why Steves has a strong likelihood of success on the merits). Thus, consistent with the regular practice of district courts in this circuit, this Court should either waive the bond requirement entirely or alternatively set the bond at a nominal amount because the risk of harm to JELD-WEN is remote.

Second, as the Court explained in granting the preliminary injunction, JELD-WEN adduced no credible evidence supporting the harm it claims it will suffer as a result of the injunction. Mem. Op. 72. That finding is critical because JELD-WEN carries the burden of showing that it will suffer damages as a result of the injunction, *Lab. Corp. of Am. Holdings*, 84

F. Supp. 3d at 465, and despite having had the opportunity, JELD-WEN "*offered no evidence*" that would support its assertion of significant lost revenue, Mem. Op. 72 (emphasis added). In similar circumstances, courts set the bond "closer to [the] plaintiff's proposed amount," *RLI Ins. Co.*, 2018 WL 3244413, at *13, or at zero where the defendant has offered no credible "evidence regarding likelihood of harm," *Hoechst Diafoil Co.*, 174 F.3d at 421 n.3 (citing *Int'l Controls Corp. v. Vesco*, 490 F.2d 1334 (2d Cir. 1974)); *accord Int'l Controls Corp.*, 490 F.2d at 1356 ("[T]he district court may dispense with security where there has been no proof of likelihood of harm to the party enjoined.").

Lastly, the fact that this case is on "an expedited schedule" weighs in favor a reduced bond. *Volvo Grp. N.A., LLC v. Truck Enterp., Inc.*, No. 7:18-cv-00043, 2018 WL 4704047, at *8 (W.D. Va. Sept. 30, 2018). Trial had been scheduled to commence on June 1, after which the preliminary injunction will no longer be controlling—either JELD-WEN will have been found liable to Steves or JELD-WEN will be absolved of liability and the preliminary injunction dissolved soon thereafter. Thus, JELD-WEN stands to suffer little damage from the preliminary injunction because its liability will be determined in a couple months.[2]

## II. JELD-WEN HAS NOT CARRIED ITS BURDEN OF DEMONSTRATING THAT A SUBSTANTIAL BOND IS REQUIRED AND THE EVIDENCE SHOWS THAT JELD-WEN WILL NOT BE SIGNIFICANTLY HARMED

This Court's findings in connection with the preliminary injunction are more than sufficient to justify a zero-dollar or nominal bond under Rule 65(c). But if the Court is inclined to look anew at the evidence, *see Fleet Feet, Inc. v. Nike, Inc.*, 419 F. Supp. 3d 919, 949 (M.D.N.C. 2019) ("The

---

[2] Although the trial date will be delayed in light of the COVID-19 pandemic, Steves has already confirmed its availability to hold the trial later in June. JELD-WEN, however, has drug its feet in providing its availability to the Court. To the extent JELD-WEN seeks to push the trial into July or later, it should not be heard to complain about any supposedly increased damages.

5

Court must determine the amount of a bond based on record evidence."), the record makes clear that JELD-WEN factually will suffer little-to-no harm as a result of the injunction. Even if some "hardship" is imposed on JELD-WEN as a result of the injunction, the magnitude of the harm is likely to be small. Mem. Op. 74.

To begin, JELD-WEN has not introduced any evidence demonstrating that it will be unable to fulfill its door customer orders while the injunction is in place or that it would be forced to breach other doorskin customers' contracts in order to meet Steves' requirements. *See* Mem. Op. 73 (noting that JELD-WEN's witness "testified that, apart from Rockport and Carrara doorskins, [JELD-WEN] could supply Steves and all of its other independent doorskin customers if JELD-WEN reduced [its] supply."). As this Court noted, JELD-WEN baldly asserts ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Mem. Op. 71; *see also* Dkt. No. 45-14, ¶ 16 & Ex. E. But that ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Mem. Op. at 72.[3] At most, the record reflects that JELD-WEN will be forced to reduce its own orders of just two styles: Rockport and Carrara. *See id.* at 73. And that shortage, if it comes to pass at all, is likely to be small.

---

[3] The Court's order directing the parties to brief the bond issue did not specify whether new evidence is permissible. To the extent JELD-WEN provides new damages projections in its statement of position, the Court should disregard them. *See Fleet Feet, Inc.*, 419 F. Supp. 3d at 949 (noting that the bond amount must be based on evidence in the record); *Lab. Corp. of Am. Holdings*, 84 F. Supp. 3d at 465 (same). JELD-WEN had ample opportunity to introduce relevant evidence into the record about its harm in connection with the preliminary injunction; indeed, such evidence was directly relevant to the balance of equities, which is why JELD-WEN ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Mem. Op. 72 (emphasis added). There is no reason for this Court to give JELD-WEN another bite at the apple free from the adversarial process that ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See id.* at 72–73 (citing Steves' cross-examination of JELD-WEN's witnesses ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬).

Additionally, JELD-WEN is actively mitigating the potential harm from the injunction in a variety of ways. For example, ███ Mem. Op. 72–73; *accord* Dkt. No. 59, at 169:8-23, 171:14–22 (noting that ███). JELD-WEN also ███ Mem. Op. 72; *accord* Dkt. No. 59, at 174:10–18 (stating that ███); *id.* at 174:22–175:6 (noting that ███). Lastly, JELD-WEN can ███ Mem. Op. 73; *accord* Dkt. No. 59, at 177:11-25 (noting that ███). Combining all those mitigation actions with the expedited trial schedule, there is little chance that JELD-WEN will be significantly harmed by the preliminary injunction.

In sum, there is no factual basis on which to impose a significant bond in this case. To the extent JELD-WEN continues to argue that it will suffer massive losses, this Court should reject the claim for the same reasons given in the preliminary injunction opinion. *See* Mem. Op. 72–74. Indeed, given Steves' likelihood of success on the merits, the injunction essentially forces JELD-WEN to mitigate its damages—if JELD-WEN does not end allocation and meet its obligations under the Supply Agreement starting now, then Steves' breach-of-contract damages will be even higher at the end of the case. Requiring JELD-WEN to "comply[] with [its] contractual

7

obligations" imposes "no unjustifiable hardship" for which a substantial bond would be appropriate. *Id.* at 74 (quoting *Grout Doctor Glob. Franchise Corp. v. Groutman, Inc.*, No. 7:14-cv-105, 2015 WL 2353698, at *7 (E.D.N.C. May 15, 2015)).

### III. TO AVOID ALL DOUBT, STEVES DOES NOT OBJECT TO A MORE SUBSTANTIAL BOND OF $1 MILLION

Although the record and this Court's findings point to requiring at most a nominal bond, Steves ultimately has no objection to a more substantial bond of $1 million. Such a bond would remove any possible doubt that JELD-WEN is protected during the limited period during which the preliminary injunction will operate. Moreover, having such a bond in place would reduce the likelihood that JELD-WEN might feel the need to return to the Court and ask for additional security if circumstances change. For those reasons, Steves believes that requiring a $1 million bond would be a reasonable exercise of the Court's discretion.

### CONCLUSION

Consistent with Rule 65(c), the Court should impose a zero-dollar bond or a nominal bond, but Steves has no objection to a more substantial bond in the amount of $1 million.

Dated: April 13, 2020

                Respectfully submitted,

                **STEVES AND SONS, INC.**

                By: /s/ Lewis F. Powell, III
                Lewis F. Powell III (VSB No. 18266)
                Michael Shebelskie (VSB No. 27459)
                Maya M. Eckstein (VSB No. 41413)
                HUNTON ANDREWS KURTH LLP
                Riverfront Plaza, East Tower
                951 East Byrd Street
                Richmond, Virginia 23219-4074
                Telephone: (804) 788-8200
                Facsimile: (804) 788-8218

lpowell@hunton.com  
mshebelskie@hunton.com  
meckstein@hunton.com  

Glenn D. Pomerantz (pro hac vice)  
Kyle W. Mach (pro hac vice)  
Emily Curran-Huberty (pro hac vice)  
MUNGER, TOLLES & OLSON LLP  
355 S. Grand Avenue, 50th Floor  
Los Angeles, CA 90071  
Telephone: (213) 683-9132  
Facsimile: (213) 683-5161  

Marvin G. Pipkin (pro hac vice)  
Kortney Kloppe-Orton (pro hac vice)  
PIPKIN LAW  
10001 Reunion Place, Suite 6400  
San Antonio, TX 78216  
Telephone:    (210) 731-6495  
Facsimile:    (210) 293-2139  
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

By /s/Lewis F. Powell III
Lewis F. Powell III