UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JELD-WEN, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:20-cv-000098 |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF MOTION TO FILE ITS RESPONSE TO JELD-WEN'S MOTION FOR BOND UNDER FEDERAL RULE OF CIVIL PROCEDURE 65(c), AND RELATED EXHIBITS UNDER SEAL**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its Response to JELD-WEN's Motion for Bond Under Federal Rule of Civil Procedure 65(c), and Exhibits 1 and 2 attached thereto. In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal quotes or paraphrases non-public information and other data, which JELD-WEN regards as commercially sensitive and has designated "Highly Confidential" pursuant to the Stipulated Protective Order entered in this case (Dkt. No. 25). Additionally, the Court, in its Memorandum Opinion granting Steves' motion for preliminary injunction (Dkt. No. 122) and other orders (e.g., Dkt. No. 77), has previously sealed some of the material Steves seeks to seal here.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing of the information is necessary because it is non-public information and data, which JELD-WEN regards as commercially sensitive and has designated "Highly Confidential" pursuant to the Protective Order (Dkt. No. 25). Moreover, the Court has previously sealed some of this material. (Dkt. Nos. 77 & 122).

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to JELD-WEN's confidential information, which JELD-WEN regards as commercially sensitive and designated "Highly Confidential" under the Protective Order (Dkt. No. 25). The public has never had access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing. Indeed, the Court has already permitted sealing of some of the material sought to be sealed here (Dkt. Nos. 77 & 122).

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves believes that the portions of its Response, and Exhibits 1 and 2 appended thereto, requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The Response sought to be filed under seal, and accompanying Exhibits 1 and 2, are being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the Response is being publicly filed.

Dated:  April 15, 2020

        Respectfully submitted,

        **STEVES AND SONS, INC.**

        By:     /s/Lewis F. Powell III
        Lewis F. Powell III (VSB No. 18266)
        Michael Shebelskie (VSB No. 27459)
        Maya M. Eckstein (VSB No. 41413)
        HUNTON ANDREWS KURTH LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219-4074
        Telephone:  (804) 788-8200
        Facsimile:   (804) 788-8218
        lpowell@hunton.com
        mshebelskie@hunton.com
        meckstein@hunton.com

        Glenn D. Pomerantz
        Kyle W. Mach
        Emily Curran-Huberty
        MUNGER, TOLLES & OLSON LLP
        355 S. Grand Avenue, 50th Floor
        Los Angeles, CA 90071
        Telephone:  (213) 683-9132
        Facsimile:  (213) 683-5161

Marvin G. Pipkin
Kortney Kloppe-Orton
PIPKIN LAW
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
Telephone:  (210) 731-6495
Facsimile:  (210) 293-2139
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

By /s/Lewis F. Powell III
Lewis F. Powell III