UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| STEVES AND SONS, INC., | ) | |
|       Plaintiff, | ) | |
|       v. | ) | Civil Action No. 3:20-CV-00098-REP |
| JELD-WEN, INC., | ) | |
|       Defendant. | ) | |

**JELD-WEN'S MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL**

JELD-WEN, Inc. ("JELD-WEN"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing its Supplemental Statement Regarding Rule 65(c) Bond ("Supplement"). In support of this motion, JELD-WEN states:

**Local Rule 5(c), Section 1 – Non-confidential description of the material filed under seal**

The Supplement discloses the number of doorskins Steves has ordered and obtained from JELD-WEN, the number of doorskins Steves has ordered, the number of doorskins JELD-WEN has produced, JELD-WEN's production capacity, and the financial impact the preliminary injunction will have on JELD-WEN's business. This information constitutes commercially sensitive confidential or trade secret information that, if disclosed to the public, would cause competitive harm as described in the Protective Order and breach the terms of the Supply Agreement. The Supplement also contains material, non-public information and forward-looking statements that have not been released to the public at this time. Some of the exhibits have been designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered in this matter (ECF No. 25).

**Local Rule 5(c), Sections 2 and 3 – A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how the standard has been satisfied**

Sealing the referenced documents is necessary because the documents are designated Highly Confidential per the Stipulated Protective Order. Sealing of information about Steves' past purchases, planned orders, JELD-WEN's production, and JELD-WEN's production capacity is required because the information is commercially sensitive. No other procedure will suffice, because once this information is made public it cannot be retracted.

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to Steves' or JELD-WEN's trade secret and confidential information. The public has never had access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing. In addition, the Supplement contains material, non-public information and forward-looking statements that have not been released to the public at this time.

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal**

JELD-WEN requests that the documents designated as "Highly Confidential" and discussions thereof be filed under seal, pursuant to the Stipulated Protective Order (ECF No. 25), entered February 20, 2020.

JELD-WEN believes that its trade secret and confidential information should remain permanently sealed in the absence of a ruling that the information is not confidential.

JELD-WEN's grounds for requesting that its disclosures about Steves' past purchases and planned orders for doorskins and JELD-WEN's past production and production capacity be filed under seal are that the information is highly confidential and commercially sensitive information to which the public has not had access and that Steves or JELD-WEN would be harmed if the public did have access to such information.

The documents sought to be filed under seal are being filed electronically with the Court contemporaneously, as required by Local Civil Rule 5.

Dated: April 19, 2020

Respectfully submitted,

JELD-WEN, Inc.

By counsel
/s/ *Brian C. Riopelle*
Brian C. Riopelle (VSB #36454)
Gregory J. DuBoff (VSB # 82062)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1084 – Tel.
(804) 698-2150 – Fax
briopelle@mcguirewoods.com
gduboff@mcguirewoods.com

*Attorneys for Defendant*

CERTIFICATE OF SERVICE

I hereby certify that on the April 19, 2020 the following counsel of record have been served using the CM/ECF system, which will then send a notification of such filing (NEF) to the registered participants as identified on the NEF to receive electronic service, including:

Lewis F. Powell III
John S. Martin
Alexandra L. Klein
Maya M. Eckstein
Douglas M. Garron
R. Dennis Fairbanks, Jr.
Michael Shebelskie
William H. Wright, Jr.
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 788-8200 – Tel.
(804) 788-8218 – Fax
lpowell@huntonAK.com
martinj@huntonAK.com
aklein@huntonAK.com
meckstein@huntonAK.com
dgarrou@huntonAK.com
dfairbanks@huntonAK.com
mshebelskie@huntonAK.com
cwright@huntonAK.com

Ted Dane
Glenn Pomerantz
Gregory Sergi
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9288 – Tel.
(213) 683-4088 – Fax
ted.dane@mto.com
glenn.pomerantz@mto.com
gregory.sergi@mto.com

Kyle Mach
Emily C. Curran-Huberty

Munger, Tolles & Olson LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105
(415) 512-4000 – Tel.
(415) 512-4077 – Fax
kyle.mach@mto.com
emily.curran-huberty@mto.com

*Attorneys for Plaintiff*

Marvin G. Pipkin
Kortney Kloppe-Orton
Pipkin Law
10001 Reunion Place, Suite 6400
San Antonio, TX 78216
(210) 731-6495 – Tel.
(210) 293-2139 – Fax

*Of Counsel*

/s/ *Brian C. Riopelle*
Brian C. Riopelle (VSB #36454)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(804) 775-1084 – Tel.
(804) 698-2150 – Fax
briopelle@mcguirewoods.com

*Attorney for Defendant*

2