UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>JELD-WEN, INC., )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 3:20-cv-98 |

**ORDER**

Having considered DEFENDANT JELD-WEN INC.'S MEMORANDUM REGARDING DISCOVERY DISPUTES (ECF No. 119), PLAINTIFF STEVES AND SONS INC.'S POSITION REGARDING DISCOVERY DISPUTES (ECF No. 112), and the parties' arguments presented in the telephone conference on April 9, 2020, it is hereby ORDERED:

Steves' objection to JELD-WEN's Request for Production Number 30 is SUSTAINED IN PART and OVERRULED IN PART. Steves shall produce documents relating to its doorskin inventory at month-end of October 2019 and documents relating to the purchase orders for doorskins that Steves submitted to JELD-WEN during the week of October 28, 2019, including communications between October 1, 2019 and December 31, 2019 reflecting an intent to increase or decrease to Steves' inventory of doorskins.

Steves' objection to JELD-WEN's Interrogatory Numbers 4, 11 and 13 is SUSTAINED IN PART and OVERRULED IN PART. Steves shall provide JELD-WEN with information regarding its alleged lost profits by multiplying the sales revenue that Steves alleges it lost as a

result of JELD-WEN's conduct by Steves' anticipated profit margin. This information is preliminary in nature and shall not be used to examine fact or expert witnesses at trial. The Court will determine at a later time if the information may be used for the purposes of impeachment at trial. If JELD-WEN seeks to use the information to examine a fact or expert witness in deposition, it must seek leave of Court to do so.

JELD-WEN's objection to Steves' Interrogatory Number 1 and Requests for Production 3, 4, and 9 is SUSTAINED IN PART and OVERRULED IN PART. For JELD-WEN's doorskin manufacturing facility in Aizkraukle, Latvia, JELD-WEN shall provide its production capacity and inventory for doorskin designs that are compatible for use in the U.S. market.

JELD-WEN's objection to Steves' Interrogatory Number 3 is OVERRULED. JELD-WEN shall supplement its response to state "the designs in which it was experiencing a shortage of capacity prior to allocation that led JELD-WEN to declare allocation."

JELD-WEN's objection to Steves Interrogatory Number 11 is SUSTAINED. JELD-WEN shall respond to Interrogatory 11 as to foreign doorskins that have actually been shipped, by doorskin design.

JELD-WEN's objection to Steves' Interrogatory Number 15 is OVERRULED. JELD-WEN agrees to supplement its response to Interrogatory 15 by identifying, pursuant to Federal Rule of Civil Procedure 33(d), the specific documents in JELD-WEN's existing production where information responsive to this interrogatory may be found.

JELD-WEN's objection to Steves' Interrogatory Number 12 is SUSTAINED. JELD-WEN shall log any requested documents relating to Steves' requests for contingency-plan related documents with a thorough explanation on the privilege log.

JELD-WEN's objection to Steves' Request for Production Number 13 is unresolved pending additional meet and confer efforts between the parties. To facilitate that effort, JELD-WEN shall identify which JELD-WEN custodians were searched in connection with each prior request captured within current Request 13.

JELD-WEN's objection to Steves' Request for Production Number 22 is OVERRULED. JELD-WEN shall produce responsive documents regardless of whether they reside within JELD-WEN-owned resources or in some other form controlled by Messrs. Munk or Ross.

It is so ORDERED.

/s/ REP

Richmond, Virginia
Date: April __, 2020

Robert E. Payne
Senior United States District Judge