UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JELD-WEN, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:20-cv-000098 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF MOTION TO FILE ITS MEMORANDUM IN OPPOSITION TO DEFENDANT JELD-WEN, INC.'S MOTION <u>FOR STAY OF INJUNCTION PENDING APPEAL UNDER SEAL</u>**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its Memorandum in Opposition to Defendant JELD-WEN, Inc.'s Motion for Stay of Injunction Pending Appeal. In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal quotes or paraphrases non-public information and other data, which JELD-WEN regards as commercially sensitive, has designated "Highly Confidential" pursuant to the Stipulated Protective Order entered in this case (Dkt. No. 25), or both. Additionally, the Court, in its Memorandum Opinion granting Steves' motion for preliminary injunction (Dkt. No. 122) and other orders (e.g., Dkt. No. 78), has previously sealed some of the material Steves seeks to seal here.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing of the information is necessary because it is non-public information and data, which JELD-WEN regards as commercially sensitive, has designated "Highly Confidential" pursuant to the Protective Order (Dkt. No. 25), or both. Moreover, the Court has previously sealed some of this material. (Dkt. Nos. 78 & 122).

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000). The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to JELD-WEN's confidential information, which JELD-WEN regards as commercially sensitive, designated "Highly Confidential" under the Protective Order (Dkt. No. 25), or both. The public has never had access to the information at issue and it is routinely kept in confidence in the course of business. These are appropriate grounds for sealing. Indeed, the Court has already permitted sealing of some of the material sought to be sealed here (Dkt. Nos. 78 & 122).

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves believes that the portions of its Opposition requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The Opposition sought to be filed under seal is being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the Opposition is being publicly filed.

Dated:  April 24, 2020

                Respectfully submitted,

                **STEVES AND SONS, INC.**

                By:     /s/Lewis F. Powell III
                Lewis F. Powell III (VSB No. 18266)
                Michael Shebelskie (VSB No. 27459)
                Maya M. Eckstein (VSB No. 41413)
                Matthew R. McGuire (VSB No. 84194)
                HUNTON ANDREWS KURTH LLP
                Riverfront Plaza, East Tower
                951 East Byrd Street
                Richmond, Virginia 23219-4074
                Telephone:  (804) 788-8200
                Facsimile:   (804) 788-8218
                lpowell@hunton.com
                mshebelskie@hunton.com
                meckstein@hunton.com
                mmcguire@hunton.com

Glenn D. Pomerantz
Kyle W. Mach
Emily Curran-Huberty
MUNGER, TOLLES & OLSON LLP
355 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9132
Facsimile:  (213) 683-5161

Marvin G. Pipkin
Kortney Kloppe-Orton
PIPKIN LAW
10001 Reunion Place, Suite 6400
San Antonio, TX  78216
Telephone:     (210) 731-6495
Facsimile:     (210) 293-2139
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

      By /s/Lewis F. Powell III
      Lewis F. Powell III