UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JELD-WEN, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 3:20-cv-000098 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STEVES AND SONS, INC.'S MEMORANDUM IN SUPORT OF
MOTION TO FILE ITS LETTER REGARDING DISCOVERY DISPUTES,
AND ACCOMPANYING EXHIBIT 1, UNDER SEAL**

Plaintiff Steves and Sons, Inc. ("Steves"), pursuant to Rule 5 of the Local Civil Rules, respectfully moves the Court for an order sealing portions of its Letter Regarding Discovery Disputes, and Exhibit 1 thereto.  In support of this motion, Steves states:

**Local Rule 5(C), Section 1 -- Non-confidential description of the material filed under seal.**

The material filed under seal consists of documents (and the discussion of documents) designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered in this matter (Dkt. No. 25).

The material filed under seal also consists of non-public information, which JELD-WEN regards as commercially sensitive, as well as of statements in the Memorandum citing this information.

**Local Rule 5(c), Sections 2 and 3 -- A statement why sealing is necessary, references to governing case law, analysis of the appropriate standard, and a description of how that standard has been satisfied.**

Sealing Exhibit 1 and related discussion of Exhibit 1 is necessary because the exhibit is designated "Highly Confidential" per the Protective Order (Dkt. No. 25).  Further, sealing of the information in Exhibit 1 and statements regarding that information is necessary because it is non-public information, which JELD-WEN regards as commercially sensitive.

Documents should be sealed when a party's interest in keeping the information contained therein confidential outweighs the right of public access to judicial documents. *See, e.g., Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178 (4th Cir. 1988); *Ashcraft v. Conoco, Inc.,* 218 F.3d 288, 302 (4th Cir. 2000).  The United States Court of Appeals for the Fourth Circuit has directed that district courts should consider the following factors when determining whether to exercise their discretion to seal documents: (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event; and" (3) "whether the public has already had access to the information contained in the records." *Va. Dept. of State Police v. Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004).

Here, there could be an "unfair business advantage" gained by any party who had access to JELD-WEN's confidential information, which JELD-WEN regards as commercially sensitive. According to JELD-WEN, the public has never had access to the information at issue and it is routinely kept in confidence in the course of business.  These are appropriate grounds for sealing.

**Local Rule 5(c), Section 4 – Statement as to the period of time the party seeks to have the matter maintained under seal.**

Steves further requests that the documents designated as "Highly Confidential" be filed under seal, pursuant to the Stipulated Protective Order (Dkt. No. 25), entered February 20, 2020.

Steves also believes that Exhibit 1 and portions of the Letter requested to be filed under seal should remain under seal indefinitely in the absence of a court ruling that the material is not confidential.

The Letter and Exhibit 1 sought to be filed under seal are being filed electronically with the Court contemporaneously herewith, as required by Local Civil Rule 5.  A redacted version of the Letter is being publicly filed.

Dated:  May 24, 2020

          Respectfully submitted,

          **STEVES AND SONS, INC.**

          By:    /s/Lewis F. Powell III
          Lewis F. Powell III (VSB No. 18266)
          Michael Shebelskie (VSB No. 27459)
          Maya M. Eckstein VSB No. 41413)
          HUNTON ANDREWS KURTH LLP
          Riverfront Plaza, East Tower
          951 East Byrd Street
          Richmond, Virginia 23219-4074
          Telephone:  (804) 788-8200
          Facsimile:   (804) 788-8218
          lpowell@hunton.com
          mshebelskie@hunton.com
          meckstein@hunton.com

          Glenn D. Pomerantz
          Kyle W. Mach
          Emily Curran-Huberty
          MUNGER, TOLLES & OLSON LLP
          355 S. Grand Avenue, 50th Floor
          Los Angeles, CA 90071
          Telephone:  (213) 683-9132
          Facsimile:  (213) 683-5161

          Marvin G.  Pipkin
          Kortney Kloppe-Orton
          PIPKIN LAW
          10001 Reunion Place, Suite 6400
          San Antonio, TX  78216

Telephone: (210) 731-6495
Facsimile: (210) 293-2139
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

By /s/Lewis F. Powell III
Lewis F. Powell III