UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC., </br></br> Plaintiff, </br></br> v. </br></br> JELD-WEN, INC., </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 3:20-cv-000098 |

**STEVES AND SONS, INC.'S**
**SUBMISSION REGARDING JUROR QUESTIONNAIRE**

JELD-WEN, Inc. (JELD-WEN) has submitted a proposed juror questionnaire (Doc # 258). The questionnaire has several questions highlighted in yellow. Those are questions that Steves and Sons, Inc. (Steves) considers inappropriate. Steves explains below its position on those questions.

**Question #9:** The question places an unreasonable burden on prospective jurors. It is one thing to ask prospective jurors the relatively straightforward question whether someone in their household ever owned a business. That is a simple, objective question that is easily answered. It is another thing to ask them to plumb the education, training and experience of others in nine wide-ranging fields and to recount those other person's experiences. The questionnaire already asks a lot of the prospective jurors. Asking them this much information about others is an added burden that has virtually no likelihood of eliciting information that will bear on the jurors' qualifications.

**Question #11.** This question is intrusive and likely would offend many prospective jurors. It asks if they ever felt "taken advantage of" or were "treated unfairly" in their personal lives or at work, and requires them to describe in writing the particulars of what may be painful memories. The question is so wide ranging and subjective that many prospective jurors will have felt that way sometime in their lives—a failed romantic relationship; an ungrateful spouse or child; etc.—and jurors cannot but take offense at the intrusion. There is no need for the question as it most certainly will not reveal any disqualifying information that the other questions would not otherwise elicit.

**Questions ##12, 13 & 15 (highlighted part):** The questionnaire already asks whether the prospective jurors were parties to lawsuits. These questions gild the lily with a series of vague, subjective terms, asking the prospective jurors if they ever felt a contract "wasn't followed," or someone "failed to meet their obligations," or a deal was "broken." This is not the type of objective questions used in voir dire in this District and are argumentative spin by JELD-WEN.

**Question #16:** This question is pointless. It does not seem reasonably calculated to identify information about the prospective jurors that might be relevant to their qualifications or potential conflicts.

**Question #17:** This question is argumentative. It also misstates the issues in the case. Steves does not contend JELD-WEN bears the burden of proving it did not breach the Supply Agreement or interfere with Steves' relationships with customers.

**Question #31:** JELD-WEN says this question bears on whether a prospective juror should be excused from serving. But, being recently laid off is not an excuse from jury duty. Nor is a generalized concern about a potential layoff, which is a widespread concern in the

current economic climate. Asking this question might prompt prospective jurors to answer they are concerned in the hope of being excused. And to the extent JELD-WEN thinks unemployment status is pertinent, Question #4 already asks if they are unemployed.

    Respectfully submitted,

    **STEVES AND SONS, INC.**

    By:    /s/Lewis F. Powell III
    Lewis F. Powell III (VSB No. 18266)
    Michael Shebelskie (VSB No. 27459)
    Maya M. Eckstein (VSB No. 41413)
    HUNTON ANDREWS KURTH LLP
    Riverfront Plaza, East Tower
    951 East Byrd Street
    Richmond, Virginia 23219-4074
    Telephone: (804) 788-8200
    Facsimile: (804) 788-8218
    lpowell@hunton.com
    mshebelskie@hunton.com
    meckstein@hunton.com

    Glenn D. Pomerantz
    Kyle W. Mach
    Emily Curran-Huberty
    MUNGER, TOLLES & OLSON LLP
    355 S. Grand Avenue, 50th Floor
    Los Angeles, CA 90071
    Telephone: (213) 683-9132
    Facsimile: (213) 683-5161

    Marvin G. Pipkin
    Kortney Kloppe-Orton
    PIPKIN LAW
    10001 Reunion Place, Suite 6400
    San Antonio, TX 78216
    Telephone:   (210) 731-6495
    Facsimile:   (210) 293-2139
    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system. Parties may access this filing via the Court's electronic system.

By /s/Lewis F. Powell III
Lewis F. Powell III
