UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| STEVES AND SONS, INC.,         ) | |
| ) | |
| ) | |
| Plaintiff,       ) | |
| ) | Civil Action No. 3:20-cv-98 |
| v.                     ) | |
| ) | |
| JELD-WEN, INC.,        ) | |
| ) | |
| Defendant.     ) | |
| ) | |
| ) | |

**[PROPOSED] ORDER**

Having considered Defendant JELD-WEN, Inc.'s Letter re Discovery Disputes (Dkt. No. 250), Plaintiff Steves and Sons, Inc.'s Letter re Discovery Disputes (Dkt. No. 252), and the parties' arguments presented at the telephonic hearing held on May 20, 2020, it is hereby ORDERED:

**I.**      <u>**Expert Reports Schedule**</u>

<u>With respect to expert opinions pertaining to Steves' claimed damages</u>:

     i.      Steves' opening expert disclosures shall be provided by <u>June 14, 2020</u>;

     ii.      JELD-WEN's responsive expert disclosures shall be provided by <u>June 26, 2020</u>;

     iii.      Steves' reply expert disclosures shall be provided by <u>July 5, 2020</u>;

<u>With respect to expert opinions pertaining to antitrust issues</u>:

     i.      Steves' opening expert disclosures shall be provided by <u>June 16, 2020</u>;

     ii.      JELD-WEN's responsive expert disclosures shall be provided by <u>June 27, 2020</u>;

iii.    Steves' reply expert disclosures shall be provided by <u>July 5, 2020</u>;

<u>With respect to expert opinions pertaining to JELD-WEN's doorskin purchase order records</u>:

i.    Steves' opening expert disclosures shall be provided by <u>June 19, 2020</u>;

ii.    JELD-WEN's responsive expert disclosures shall be provided by <u>June 26, 2020</u>;

iii.    Steves' reply expert disclosures shall be provided by <u>July 3, 2020.</u>

## II.    <u>Steves' Damages Information</u>

By <u>May 29, 2020</u>, Steves will provide to JELD-WEN the following information:

(i)    For the period of October 2019 through May 29, 2020, Steves' estimate (broken down by customer) of lost sales for each customer Steves intends as of the date it provides the information to include in its damages claim for that period.  Steves will also provide its anticipated profit margin from these lost sales.

(ii)    For the period of May 29, 2020 through September 10, 2021, Steves' estimate (broken down by customer) of future lost sales for each customer Steves intends as of the date it provides the information to include in its damages claim.  Steves will also provide its anticipated profit margin from these lost sales.

This information may be used to examine any deposition witness subject to the restrictions of the Amended Stipulated Protective Order [Dkt. No. 235] entered in this case, but may not be used at trial without Court approval.

## III.    <u>Steves' Documents Concerning Foreign Doorskin Supply</u>

By <u>May 29, 2020</u>, Steves will search the files of Sam Bell Steves III, Tom Sykes, Teri McAlister, Edward Steves, and John Andre from October 1, 2019 through May 20, 2020, and will

produce all communications with any and all door skin suppliers (other than JELD-WEN), insofar as those communications concern joint ventures or strategic alliances between Steves and foreign manufacturers relating to the design, manufacture, and production of doorskins that have actually been delivered to Steves or that Steves would expect to receive through September 10, 2021. Steves will also produce any such communications that it has in its possession from John Ambruz.

## IV.    Supplemental Production

By June 1, 2020, the parties will exchange updated data to include the period up to and including May 20, 2020, in agreed-upon areas.  JELD-WEN will provide updated data with respect to Steves' Requests for Production 2, 3, 4, 5, 6, and 9.  JELD-WEN will provide a corresponding list of data for Steves to update.

By June 1, 2020, the parties will also produce updated communications from identified custodians with respect to the following subject matters:

(i)      JELD-WEN will search the files of Peggie Bolan, Brian Owens, Bruce Fedio, Danny Castillo, Bob Courcy, and John Krause for communications concerning (a) JELD-WEN's production capacity, (b) JELD-WEN's administration of allocation and its "mix methodology," (c) JELD-WEN's reasons for ending allocation, and (d) the thirteen Steves customers that Steves identified in its May 8, 2020 correspondence between the parties as customers from whom Steves intends to seek damages for lost new business.

(ii)     JELD-WEN will provide Steves with a corresponding list of custodians and subject areas for Steves to search for responsive documents.

By June 11, 2020, the parties will provide updated privilege logs regarding these supplemental productions.

It is so ORDERED.

Richmond, Virginia

Date:  May ___, 2020

_____

Robert F. Payne

Senior United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2020, I caused a copy of the foregoing to be electronically filed using the CM/ECF system, which will send notification to counsel of record of such filing by operation of the Court's electronic system.  Parties may access this filing via the Court's electronic system.

/s/ Gregory J. DuBoff
Gregory J. DuBoff